UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YARBROUGH D. KORNEGAY,

        Plaintiff,

v.                             CASE No. 8:04-CV-1644-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security does not adequately justify the determination that the plaintiff can return to prior work, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was forty-nine years old at the time of the administrative decision and who has the equivalent of a high school

_____

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

education, has worked at various jobs, including as a nursery school attendant and a cashier (Tr. 116).  She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to problems with her left leg (Tr. 103).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff has severe impairments of osteoarthritis of the knees with total left knee replacement and obesity (Tr. 18).  The law judge concluded that these impairments limited the plaintiff as follows (Tr. 19):

> The claimant retains the residual functional capacity to lift 20 pounds occasionally and frequently lift and carry objects weighting [sic] up to ten pounds.  The claimant can walk/stand for 6 hours in an 8 hour day.  The claimant would be able to do some pushing or pulling as needed. The claimant could sit for 2 hours out of an 8 hour day intermittently.    The claimant could occasionally stoop, balance, climb, kneel, crouch or crawl.

He determined that these limitations did not prevent the plaintiff from returning to past work as a nursery school attendant and a cashier (<u>id</u>.) Accordingly, he decided that the plaintiff was not disabled.  The Appeals

Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's primary problems concern osteoarthritis in her knees. In June 2002, the plaintiff had a total replacement of her left knee. That appeared to ameliorate, but not eliminate, her problems with that knee

-4-

(Tr. 38-39).  The plaintiff now asserts that she suffers from pain in her right knee.  Notably, her treating orthopedic surgeon has stated that the plaintiff will need a replacement for the right knee also (Tr. 222).  The plaintiff's knee problem is exacerbated by her obesity.

The law judge concluded that, despite these impairments, the plaintiff could return to prior work as a nursery school attendant and a cashier.  The plaintiff challenges this conclusion on the ground that the law judge failed to determine the physical demands of those jobs (Doc. 12, p. 12).  In a second, and related, argument, the plaintiff contends that the law judge failed to consider the combined effect of all of the plaintiff's impairments (id. at p. 15).  These contentions show that the law judge's analysis was deficient and that a reversal with a remand is warranted.

In concluding that the plaintiff could perform the physical demands of a nursery school attendant, the law judge relied merely on the statement in the Dictionary of Occupational Tables ("DOT") that the job was classified as light work (Tr. 18).  That conclusory statement is not sufficient to identify the physical demands of the job.  Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987); see also Cannon v. Bowen, 858 F.2d 1541, 1545-46 (11th Cir. 1988).  In this respect, it is noted that it is not self-

evident that a forty-nine year-old obese woman who has had one knee replaced and who also needs the other replaced could perform as a nursery school attendant.

It is recognized that the record does contain descriptions of the job as the plaintiff performed it (Tr. 104, 117), and such descriptions in appropriate circumstances will suffice to support a conclusion that the plaintiff could return to prior work. In this case, however, the plaintiff's description indicates that she could not return to work as a nursery school attendant. Thus, the plaintiff wrote on one form that she was required during a workday to stand six hours, walk for one hour, and sit for one hour (Tr. 117). Under this assessment of the demands of the job, the plaintiff would be unable to perform it since the law judge found that she was limited to six hours of standing and walking (Tr. 19).

Moreover, this description of the job supports the determination that it is improper to rely simply upon the conclusory comment in the DOT that the job involves light work. Thus, the DOT's statement may indicate that, while the lifting and carrying demands of the job are consistent with the standard definition of light work, the standing and walking requirements of the job as typically performed may require more than six hours of

-6-

standing and walking.  Whether there are, or are not, such standing and walking demands as the job is normally performed would require speculation on my part.  In other words, the characterization in the DOT of the job of nursery school attendant as light work is not sufficient to permit meaningful judicial review.

There is other information in the record from the plaintiff regarding the demands of the job, but that is not sufficiently clear to support the law judge's decision.  Thus, in another written job description the plaintiff indicates that she stood for eight hours and sat for eight hours (Tr. 104).  That confusing description cannot be relied upon without some clarification.

Similarly, at the hearing the plaintiff testified that all of her jobs required her to be "standing on [her] feet" (Tr. 33).  This suggests that the plaintiff was required to stand or walk for eight hours.  Whether there was such a demand is unclear, since there was no further inquiry of this testimony.

In sum, the description in the record of the job of nursery school attendant is not adequate to permit a determination that an individual who is limited to standing or walking for six hours could meet the physical

demands of the job.  Accordingly, a finding of not disabled cannot be based upon an ability to return to the job of nursery school attendant.

There is, in addition, a further problem with the determination that the plaintiff can return to the job of nursery school attendant.  This is shown by the plaintiff's contention that the law judge did not consider the combined effect of the plaintiff's impairments.  This contention is supported by the opinion of the plaintiff's treating primary care physician, Dr. Daniel Zimmerman.

On August 26, 2003, Dr. Zimmerman opined that the plaintiff was permanently disabled from work due to left carpal tunnel syndrome, right knee pain, diabetes, and depression (Tr. 257).  Notably, the law judge did not address this opinion, as he should have.  See, e.g., Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985).  However, the plaintiff did not challenge the law judge's decision based on that failure, and therefore that failure will not be relied upon as a ground for reversal.  Nevertheless, the treating physician's unrejected opinion provides evidence that the combined effects of the plaintiff's impairments are disabling.

With respect to other impairments besides the plaintiff's knee problems, the law judge should have evaluated the plaintiff's alleged

condition of bilateral carpal tunnel syndrome.[2]  The plaintiff was seen by Dr. Mary Ellen Shriver, a neurologist, who presumptively diagnosed bilateral carpal tunnel syndrome pending further testing (Tr. 288).  The plaintiff testified that she had the nerve study done and that Dr. Shriver had indicated that the plaintiff had carpal tunnel syndrome (Tr. 43).  The plaintiff testified further that she has problems with her left hand so that sometimes she cannot even hold a piece of bread (id.).

The law judge acknowledged the evidence regarding carpal tunnel syndrome, but failed to evaluate it.  This was reversible error because the law judge must state the weight accorded each item of impairment evidence and the reasons for his decision on that evidence.  Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

Furthermore, the law judge could not properly determine whether the plaintiff could return to work as a nursery school attendant until he assessed what functional limitations, if any, the plaintiff had from her hand and wrist condition.  Unless he decided that she had no such

---

[2]The law judge appropriately considered the plaintiff's allegation of depression, and reasonably discounted it (Tr. 15).  As to diabetes, the other impairment mentioned by Dr. Zimmerman, there is no evidence indicating that the plaintiff has any functional limitations due to that condition.

limitations and reasonably explained that decision, he then would need to evaluate that job with respect to any physical demands concerning the use of hands and wrists.  Since those evaluations were not made regarding the condition of carpal tunnel syndrome, the conclusion that the plaintiff could work as a nursery school attendant is flawed and cannot stand.

For similar reasons, the conclusion that the plaintiff could return to work as a cashier is deficient.  Thus, the job description for cashier from the DOT is the conclusory (and insufficient) one that the job involves light work.  Further, the plaintiff's description of the job is that it requires her to stand and walk for eight hours (Tr. 120-22), which, as indicated, is beyond the plaintiff's functional capacity to stand or walk for six hours. While I could speculate that there are cashier jobs that permit the employee to alternate sitting and standing, that is not my role in performing judicial review; I am limited to determining whether the decision is supported by evidence in the record.  In this case, the finding that the plaintiff's obesity and knee problems did not preclude her from working as a cashier is not sufficiently supported by evidence in the record due to the inadequate description of the demands of that job.

Moreover, the plaintiff's diagnosis of bilateral carpal tunnel syndrome would seem to have an even greater impact on the job of cashier than on the job of nursery school attendant.  The failure to address that impairment thus appears more problematic with respect to the job of cashier.  In all events, the absence of an evaluation of the impairment of carpal tunnel syndrome, particularly when coupled with a lack of development of relevant demands of a job of cashier, requires the overturning of the determination that the plaintiff can return to past work as a cashier.

IV.

For the foregoing reasons, the decision of the Commissioner that the plaintiff could return to past work as a nursery school attendant or a cashier is not supported by the record and reflects an inadequate evaluation. Therefore, the Commissioner's decision is hereby REVERSED and the matter is REMANDED for further proceedings.  The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this 21st day of September, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE